

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 9, 1970

Honorable H. R. Nieman, Jr.
Director
State Building Commission
P. O. Box 12172
Austin, Texas 78711

Opinion No. M-686

Re: Construction of Article
678g, Vernon's Civil
Statutes, relating to
standards and specifi-
cations of public build-
ings and facilities used
by the public.

Dear Admiral Nieman:

Your request for an opinion on the above subject matter
reads in part as follows:

"It is requested that you render an Opinion
in regard to Article 678g, Chapter 24, Vernon's
Civil Statutes.

"1.  Responsibility for Enforcement.

"Does the State Building Commission under
Section 20 have the authority to require com-
pliance with the Statute in all Public Buildings,
and in particular State-owned buildings, includ-
ing the installation of an elevator.

"2.  Application of Act.

"Does the State Building Commission under
Section 2 have the authority to declare that the
installation of an elevator, access, ramp and
adjacent parking area in the State-owned Old
Land Office (Museum) Building constitute sub-
stantial renovation or modification.

-3299-

Sections 1, 2, 3, 15 and 20 of Article 678g, Vernon's Civil Statutes, provide as follows:

"Section 1.  The provisions of this Act are enacted to further the policy of the State of Texas to encourage and promote the rehabilitation of handicapped or disabled citizens.  It is the intent of this Act to eliminate, insofar as possible, unnecessary barriers encountered by aged, handicapped or disabled persons, whose ability to engage in gainful occupations or to achieve maximum personal independence is needlessly restricted when such persons cannot readily use public buildings.

"Sec. 2.  (a) The standards and specifications set forth in this Act shall apply to all buildings and facilities used by the public which are constructed in whole or in part by the use of state, county, or municipal funds, or the funds of any political subdivision of the state.  To such extent as is not contraindicated by federal law or beyond the state's power of regulation, these standards shall also apply to buildings and facilities constructed in this state through partial or total use of federal funds.  All buildings and facilities constructed in this state, or substantially renovated, modified, or altered, after the effective date of this Act from any one of these funds or any combination thereof shall conform to each of the standards and specifications prescribed herein except where the governmental department, agency, or unit concerned shall determine, after taking all circumstances into consideration, that full compliance with any particular standard or specification is impracticable.  Where it is determined that full compliance with any particular standard or specification is impractical, the reasons for such determination shall be set forth in written form by those making the determination and forwarded

to the State Building Commission.  If it is determined that full compliance is not practicable, there shall be substantial compliance with the standard or specification to the maximum extent practical, and the written record of the determination that it is impractical to comply fully with a particular standard or specification shall also set forth the extent to which an attempt will be made to comply substantially with the standard or specification.

"(b) These standards and specifications shall be adhered to in those buildings and facilities under construction on the effective date of this Act, unless the authority responsible for the construction shall determine that the construction has reached a state where compliance is impractical. This Act shall apply to temporary or emergency construction as well as permanent buildings.

"Sec. 3.   (a) This Act is concerned with non-ambulatory disabilities, semiambulatory disabilities, sight disabilities, hearing disabilities, disabilities of coordination and aging.

"(b) It is intended to make all buildings and facilities covered by this Act accessible to, and functional for, the physically handicapped to, through, and within their doors, without loss of function, space, or facilities where the general public is concerned.

"...

"Sec. 15.  Elevators shall be provided and shall be accessible to, and useable by, the physically disabled at all levels normally used by the general public.  Elevator control buttons shall have identifying features for the benefit of the blind.  Elevators shall allow for traffic by wheelchairs.

".. .

"Sec. 20.   (a) The responsibility for adminis-
tration and enforcement of this Act shall reside
primarily in the State Building Commission, but
the State Building Commission shall have the as-
sistance of appropriate state rehabilitation
agencies in carrying out its responsibilities under
this Act.   State agencies involved in extending
direct services to disabled or handicapped persons
are authorized to enter into interagency contracts
with the State Building Commission to provide such
additional fundings as might be required to insure
that service objectives and responsibilities of
such agencies are achieved through the adminis-
tration of this Act.   In enforcing this Act the
State Building Commission shall also receive the
assistance of all appropriate elective or appointive
public officials.   The State Building Commission
shall from time to time inform professional organi-
zations and others of this law and its application.

"(b) The State Building Commission shall have
all necessary powers to require compliance with its
rules and regulations and modifications thereof and
substitutions therefore, including powers to in-
stitute and prosecute proceedings in the District
Court to compel such compliance, and shall not be
required to pay any entry or filing fee in connection
with the institution of such proceeding.

"(c) The State Building Commission is authorized
to promulgate such rules and regulations as might
reasonably be required to implement and enforce
this Act.   The State Building Commission, after
consultation with state rehabilitation agencies,
is also authorized to waive any of the standards

and specifications presently set forth in this
Act and to substitute in lieu thereof standards
or specifications consistent in effect to such
standards or specifications as might be adopted
by the American Standards Association, Inc. (or
its federally-recognized successor in function)
subsequent to the effective date of this Act.

"(d) The respective governing boards of state-
supported institutions of higher education are
responsible for enforcement of this Act on all
properties under their jurisdiction. In all other
instances, the responsibility for enforcement
of this Act shall be in the State Building
Commission."

In view of the foregoing express provisions of Article
678g your questions are answered in the affirmative. You are
accordingly advised that the State Building Commission has
authority to require compliance with Article 678g, including
the installation of an elevator and to declare that the installa-
tion of an elevator, access, ramp and adjacent parking area
in the State-owned Old Land Office (Museum) Building constitute
substantial renovation or modification within the meaning of
Article 678g.

## S U M M A R Y

The provisions of Article 678g, Vernon's
Civil Statutes, relating to standards and
specifications of public buildings and
facilities, are applicable to the State-owned
Old Land Office (Museum) Building.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Pat Bailey
Scott Garrison
Larry Craddock
Lonny Zwiener

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant